UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20545-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSEPH HOWARD,

      Defendant.

_____/

**ORDER ON MOTION *IN LIMINE* REGARDING 404(b) EVIDENCE**

**THIS CAUSE** is before the Court upon Defendant Joseph Howard's Motion *In Limine* to

Exclude the Government's Proposed 404(b) Evidence, ECF No. [31] ("Motion"), filed on July 10,

2023. At the Calendar Call for this case on July 11, 2023, *see* ECF No. [37], the United States

indicated that, instead of filing a Response, the United States would rely upon the authorities cited

within its Notice of Intent to Introduce Evidence Under Rule of Evidence 404(b). *See* Notice, ECF

No. [27].

In its Notice, the United States explains that it intends to introduce evidence of Howard's

three prior convictions: a 2009 conviction for carrying a concealed firearm and possession of other

weapons, and two convictions from 2018 and 2022 of possession of a firearm by a convicted felon.

ECF No. [27] at 1. The United States asserts that all three convictions are admissible in this case

because they demonstrate that Howard's alleged brandishing of a firearm during the offense was

done "knowingly and intentionally" and "not the result of mistake or accident." *Id*.

Howard argues that the prior convictions are inadmissible under Federal Rule of Evidence

404(b) because the proffered evidence is only probative of bad character. ECF No. [31] at 3.

Howard correctly points out that the present case is indistinguishable from *United States v. Gray*, 771 F. App'x 976 (11th Cir. 2019). Like the present case, *Gray* involved a defendant charged with carjacking and brandishing a firearm. *Id*. at 977. The district court permitted the United States to introduce evidence of the defendant's prior convictions for armed carjacking, armed robbery, and car burglary. *Id.* at 979. The Eleventh Circuit found the district court abused its discretion because, contrary to the district court's conclusion, the defendant's convictions were not admissible under a "lack-of-accident-or-mistake theory." *Id*. at 980.

> It is hard to imagine how a person could commit [carjacking and brandishing a firearm] by accident or mistake. And even if it were possible to accidentally commit armed carjacking, Gray's prior convictions do nothing to rebut that possibility. They were relevant only to invite precisely the sort of propensity reasoning that Rule 404(b) forbids: that Gray probably carjacked this car because he is the sort of person who does that kind of thing. The district court should have excluded this evidence.

*Id*. at 980. Here, the United States seeks to admit Howard's prior convictions for the precise reason that the *Gray* court rejected—that his brandishing a firearm while carjacking "was not an accident or mistake, but knowing, intentional, and planned." ECF NO. [27] at 6. Howard's defense is not that he *accidentally* brandished a firearm while committing a carjacking; rather, that he is not the person who committed the carjacking. ECF No. [31] at 4. Thus, *Gray* is squarely on point and precludes the United States from introducing Howard's prior convictions.

The United States is correct that the Eleventh Circuit "has repeatedly upheld the admission of prior firearm-related convictions in subsequent firearm-related prosecutions." ECF No. [27] at 5 (citing *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003); *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005); *United States v. Stevens*, 277 F. App'x 898, 900 (11th Cir. 2008)). However, each case cited by the United States involves charges of "being a felon in possession of a firearm" and the issue of whether the defendant "*knowingly*" possessed the firearm

2

found on or near the defendant's person. *Jernigan*, 341 F.3d at 1282. That issue is not present in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that Howard's Motion *In Limine*, **ECF No. [31]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 12, 2023.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record