UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20545-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH HOWARD,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon the United States' Motion *in Limine* Regarding GPS Evidence, ECF No. [39], and Motion *in Limine* Regarding the 911 Call, Wellon's Instagram Return, Photos of the Victim's Car, and the Defendant's Letter, ECF No. [41]. Defendant Joseph Howard filed a Response. ECF No. [42].

### I. BACKGROUND FROM THE PARTIES' BRIEFING

On August 13, 2022, at approximately 4:30 a.m., victim H.G. was sleeping in his car between NW 4th Avenue and NW 81st Street in Miami-Dade County. ECF No. [27] at 2. A female named Latravia Wellons approached the passenger side of H.G.'s car and engaged him in conversation. *Id*. Meanwhile, a male opened the driver's side door and pointed a firearm at H.G. *Id*. Wellons and the male carjacker took H.G.'s wallet, headphones, and cellphone, and drove off in his car. *Id*.

When H.G. arrived home, he logged into his laptop and observed that the carjacker had linked his iCloud account with H.G.'s cellphone. *Id*. Using the carjacker's iCloud account username, H.G. found a Facebook account with pictures of the carjacker, whom the United States

identifies as Defendant Howard. *Id*. Law enforcement found additional social media accounts with pictures of Howard together with Wellons. *Id*. H.G. was also able to track the location of his headphones, which were equipped with location tracking technology. *Id*. at 1-2. H.G. notified law enforcement, which found Defendant and Wellons near H.G.'s stolen vehicle. *Id*. at 3.

At the time these events occurred, Howard was on probation and subject to location monitoring via an ankle monitor. ECF No. [39] at 2. On July 5, 2023, the United States produced a video indicating the location of Howard's ankle monitor during the morning of the armed carjacking. *Id.* According to the United States, the video shows that Howard was near the location of the carjacking at the time it occurred. *Id.* at 2.

The United States seeks to introduce four additional categories of evidence that were recently produced to Howard: a 911 call, evidence from Wellons' Instagram account, 39 photographs of H.G.'s car, and a letter that Howard wrote to Wellons after the carjacking occurred. ECF No. [41] at 5. Howard argues that the five categories of evidence should be excluded because they were produced late, they are cumulative, and their probative value is substantially outweighed by the danger of undue prejudice. ECF No. [42].

## II. DISCUSSION

### A. GPS Evidence

The United States asserts that the GPS evidence is not character evidence subject to Federal Rule of Evidence 404(b) because the GPS evidence is not intended to show that Howard was a convicted felon on probation, but rather to establish Howard's whereabouts during the carjacking. ECF No. [39] at 3. The Court agrees with the United States that the GPS evidence is directly probative of Howard's guilt because it shows he was in the vicinity of the carjacking, and Rule 404(b) does not prohibit admission of such evidence that is directly probative of a defendant's

involvement in the instant offense. *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (describing evidence that "falls outside the scope" of Rule 404(b)).

However, the evidence is still subject to Rule 403 balancing. The complication with the GPS evidence is that the United States seemingly cannot introduce it without revealing that Howard was on probation at the time of the offense.[1] The Eleventh Circuit has "recognized the danger of unfair prejudice that arises when" a probation officer testifies. *United States v. Pierce*, 136 F.3d 770, 775 (11th Cir. 1998) (finding the probation officer's testimony was properly admitted in part because the jury was already aware of the defendant's criminal history). The out-of-circuit cases cited by the United States are distinguishable from this case in that the jury in each of those cases was already aware of the defendant's criminal history. *See United States v. Monds*, 945 F.3d 1049, 1054 (8th Cir. 2019) ("the jury already was aware that Monds has sustained prior convictions."); *United States v. Davis*, 867 F.3d 1021, 1029 (8th Cir. 2017); *United States v. Lewis*, 662 F. App'x 350, 354 (6th Cir. 2016) (defendant "charged with being a felon in possession of a firearm" had "stipulated that he had previously been convicted of a felony.").

Here, by contrast, the jury will not be aware of Howard's criminal history. "Other courts . . . have found error when a government witness reveals to the jury, or gives testimony from which the jury could infer, that the defendant is on probation or has been recently involved in illegal conduct." *United States v. Pace*, 10 F.3d 1106, 1116 (5th Cir. 1993) (citations omitted). The Court concludes that the GPS evidence is inadmissible because its probative value is substantially outweighed by the danger of unfair prejudice resulting from the jury learning that Howard was on probation at the time the carjacking occurred. Fed. R. Evid. 403.

---

[1] The United States has not suggested a means of introducing the GPS evidence other than through the testimony of Howard's probation officer.

3

### B. The Other Late-Produced Evidence

Turning to the other recently produced evidence, the Court sees no reason to exclude it. The 911 call and the photographs of the stolen vehicle are unquestionably relevant to the United States' case-in-chief, and the Court is not convinced by Howard's argument that he has been prejudiced due to the United States' late disclosure.[2] *See, e.g.*, *United Sates v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989) (explaining that "exclusion of relevant evidence is an extreme sanction"). Howard was aware that a 911 call occurred and that the United States had recovered the car and tested it for fingerprints. ECF No. [41] at 2, 4-5.

As for Howard's letter and Wellons' Instagram account, the Court again agrees with the United States that there is no reason to exclude this evidence. Both sources of evidence are relevant for numerous purposes, including establishing that Defendant knew Wellons, which he has seemingly contested. ECF No. [41] at 5. The Instagram video is additionally relevant to the extent it shows Howard pointing a firearm that is consistent with H.G.'s description of the firearm that the carjacker pointed at him. *Id.* at 4. Howard does not contest that he was aware of both the letter and the video available to the public on Wellons' Instagram account. The Court is not convinced by Howard's conclusory argument that "any probative value of the video is outweighed by the prejudice to Mr. Howard," and the Court is likewise unconvinced that he has been prejudiced by the United States' late disclosure of this evidence. ECF No. [42] at 11.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) The United States' Motion *in Limine* Regarding GPS Evidence, **ECF No. [39]**, is **DENIED**.

---

[2] To the extent Howard uncovers a separate reason to exclude the 911 call, as Howard hints in his Response, *see* ECF No. [42] at 11-12, Howard may present such argument at the appropriate time.

Case No. 22-cr-20545-BLOOM

2) The United States' Motion *in Limine* Regarding the 911 Call, Wellons' Instagram video, Photos of the Victim's Car, and the Defendant's Letter, **ECF No. [41]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record